# CHARLESTON.

FARMERS' TRANSPORTATION CO. *v.* SWANEY *et al.*

Decided November 17, 1900.

1. PURCHASER—*Equitable Right—Judgment Lien.*

A purchaser of land by parol contract which has been so far executed as to vest in him the right to compel his vendor to execute the parol contract in a court of equity has an equitable right in said land so purchased, which a court of equity will fully protect against the lien of a subsequent judgment creditor of his vendor. (p. 273).

2. CONVEYANCE—*Fraudulent Presumption.*

The fact that a party conveys his property to a son or brother is not *per se* a badge of fraud, but, when such conveyance is assaulted as fraudulent, such relationship, connected with other circumstances, may strengthen the presumption of fraud. (p. 274).

Appeal from Circuit Court, Hancock County.

Bill by the Farmers' Transportation Company against Thomas R. Swaney and others. Decree for defendants, and plaintiff brings error.

*Affirmed.*

JOHN F. HUTCHINSON, JOHN A. CAMPBELL, and JOHN E. McKENNAN, for appellant.

J. R. DONEHOO, for appellees.

ENGLISH, JUDGE:

The Farmers' Transportation Company obtained a judgment in the U. S. District Court for the District of West Virginia against Thos. R. Swaney on the 20th of April, 1892, for the sum of two thousand five hundred dollars with interest from September 16, 1891, and costs amounting to forty-two dollars and ninety-five cents, which judgment was docketed in the judgment lien docket of the county court of Hancock County, on the 2nd of May, 1892. Under this judgment a steamboat was sold belonging to said defendant, by reason of which said judgment was credited with one thousand five hundred and forty-seven dollars and sixty cents as of September 29, 1892.

At the October rules 1892 said Transportation Company filed its bill in equity in the circuit court of said county against said Thos. R. Swaney, John S. Swaney and S. D. Swaney, setting forth the above facts as to the date and amount of said judgment, and the docketing of the same, alleging that at the time said judgment was docketed said Thos. R. Swaney owned a part of Lot No. 3 in the town of New Cumberland in said county of Hancock, describing it; also the ferry right across the Ohio river from said lot, and the right of landing on the other shore: also the undivided one-third interest in Lot. 36 in Campbell's addition to said town of New Cumberland; also alleging that said property would not rent for sufficient to pay off and discharge the balance of said judgment in five years; that there were no other liens on said real estate; and praying that said real estate might be sold to satisfy said judgment lien.

Thos. R. Swaney filed his answer to plaintiff's bill, denying that on the 2nd of May, 1892, he owned one-third of said Lot 36 in Campbell's addition of said town of New Cumberland, and claiming that about the 5th of August, 1890, he sold his interest in said lot to John S. Swaney, and received the pay in full for same, and then put said John S. Swaney in possession of said lot; and alleging that ever since he has had no interest therein; and denying that on the 2nd of May, 1892, he owned any part of said Lot No. 3, or said ferry right claiming that long prior to that date, to-wit, in the year 1889, he had sold the same to Edward A. Swaney, who has had full possession thereof ever since, and paid for it before the 1st of January, 1892. John S. Swaney and Edward A. Swaney also answered said bill making the same allegations in substance. To these answers there were no replications either general or special.

When the testimony is looked at, the allegations of the answers are fully sustained as to the purchase of the ferry lot by Edward Swaney and his taking full and immediate possession, and the payment in full for the same before said judgment was docketed in May, 1892; also as to the purchase by John Swaney of the one-third interest in said lot thirty-six, prior to the date of said judgment, and as to his taking possession and paying for it before the date of said judgment. Such being the case we cannot doubt the fact that either Edward or John Swaney had an equitable right to the real estate so purchased by them, to demand a deed therefor from Thos. R. Swaney at the time said

judgment was rendered against him, and a court of equity would protect their rights.

The plaintiff filed an amended bill in which it was alleged that Edward was a son of said Thos. Swaney, but nowhere in either of said bills is it charged that the said sales to Edward or John Swaney were fraudulent, or without valuable consideration, though said amended bill was filed long after the defendants answers were filed.

In *Snyder* v. *Martin et al.,* 17 W. Va. 276, this Court held that: "A purchaser of land by parol contract which has been so far executed as to vest in him the right to compel his vendor to execute the parol contract in a court of equity, has an equitable right in said land so purchased, which a court of equity will fully protect against the lien of a subsequent judgment creditor of his vendor. See also *Pack* v. *Hansbarger et al.,* 17 W. Va. 313; *Renick* v. *Ludington et al.,* 20 W. Va. 569; *Snyder* v. *Botkin,* 37 W. Va. 355.

It is true the evidence shows that Edward was the son and John the brother of Thos. R. Swaney, the defendant in error, but that fact cannot be considered a badge of fraud, if the bill had so alleged. Bump. Fraud. Conv. sec. 67, says: "Relationship is not a badge of fraud," and further on, same section, "any relation which gives rise to confidence, though not a badge of fraud strengthens the presumption which may arise from other circumstances." In this case we are not compelled to resort to presumptions. The proof is clear and explicit that the property was bought and paid for long before the judgment was rendered against Thos. R. Swaney; that possession was taken in pursuance of the purchase; while there is no proof that either John or Edward Swaney had any notice of the judgment or of Thos. Swaney's indebtedness to the appellant before becoming complete purchasers of said property.

Looking then to the pleadings and proofs in .the case, and applying the principles of law above quoted and relied on, my conclusion is that the circuit court committed no error in dismissing the complainant's bill, and the decree is affirmed.

*Affirmed*