# CHARLESTON

## Ansell *v.* Cox.

Submitted February 22, 1905.    Decided April 11, 1905.

1,  Insolvent Debtor—*Donee of—Rights of Creditors.*

>  Where a person is put in possession of land as a mere donee without any promise of a conveyance and only rents it collecting the rents for his own use but expends neither labor nor money upon it, nor puts any improvement upon it, cannot hold the same as against the creditors of the insolvent donor.

Appeal from Circuit Court, Cabell County.

Bill by M. and A. Ansell against William T. Cox and others.   Decree for defendants, and plaintiffs appeal.

*Reversed.*

Wallace & Fitzpatrick, for appellants.

Simms & Enslow and Switzer & Wiatt, for appellees.

McWhorter, Judge:

On the 24th of August, 1901, E. Kyle purchased, at commissioners sale, made in the case of *A. R. Clark & Co.* v. *M. A. King*, ninety and one-fourth acres of land in Green Bottom, Cabell county, for the price of $400.00; paid $100.00 cash and gave his two notes at six and twelve months for the residue.   Sale was confirmed the 9th of September, 1891, and F. B. Enslow, special commissioner, was directed to make a deed to Kyle for the same on the payment of the purchase money.   On the 27th of August, 1897, the purchase money having all been paid, said Enslow, commissioner, at the request of Kyle, who joined in the deed, conveyed said land to

B. V. Mitchell, which deed was entered of record on the 22d of August, 1902. On the 15th day of January, 1902, F. B. Enslow, trustee of E. Kyle, conveyed to W. T. Cox 10 acres of land in Barboursville District in said county, which last conveyance was in payment of a debt owed by E. Kyle to A. R. Cox and sons, of which firm W. T. Cox was a member. On the 10th day of January, 1900, E. Kyle confessed a judgment in favor of M. and A. Ansell in the circuit court of Cabell county for $667.00, with interest from the date of the judgment on a note for $500.00, dated the 27th day of June, 1894, which judgment was docketed March 5, 1900, in the county court of Cabell county, in the judgment lien docket. On the 8th of April, 1903, M. and A. Ansell suing for themselves and all other creditors of E. Kyle, deceased, filed their bill in equity against W. T. Cox, B. V. Mitchell et al. for the purpose of subjecting the ninety and one-fourth acres of land so conveyed to said Mitchell and the ten acres conveyed to Cox to the payment of their said judgment. E. Kyle was sheriff of Cabell county from 1888 to 1892, and becoming involved by large indebtedness to the county of Cabell he and his sureties borrowed from the Penn Mutual Life Insurance Company, on account of said Kyle $35,000.00 which sum was turned over to F. B. Enslow, trustee, to be used by him in paying the debts of said Kyle, which were liens upon his property at the time, so as to enable the Insurance Company to have the first lien upon the property of Kyle. Kyle executed a mortgage on his property and his sureties joined in the execution of the note and the trust deed to secure the same, which trust deed conveyed not only the property belonging to Kyle, but the property belonging to all of his sureties, and in order to have the said Kyle's property applied to the payment of his debts turned over to Enslow, trustee, not only the money received from the insurance company, but also various other claims and demands. The plaintiffs, Ansell, alleged that their said judgment was a lien upon both of the said tracts of land of ninety and one-fourth acres and ten acres of land, and the same should be sold to satisfy the same; that said Kyle died on the —— day of October, 1901, intestate, and that his personal estate was insufficient for the payment of his debts; that there was a balance in the hands of Enslow, trustee, due the estate of Kyle, and that

a settlement of the accounts of said trustee should be made and the balance remaining in his hands applied to the payment of the debts of the deceased, and prayed that their judgment be adjudged and decreed to be the first lien upon the said two tracts of land, and that the same be sold to satisfy the same, and that a settlement of the accounts of the defendant E. Kyle, Jr., administrator of E. Kyle, deceased, be had and the personal estate be also applied to the debts of the estate and for general relief. Plaintiffs exhibited with their bill copies of deeds to defendant Mitchell for the ninety and one-fourth acres and to defendant W. T. Cox for the ten acres.

The defendant, B. V. Mitchell, filed his demurrer and answer to plaintiff's bill; admitted that it was true that Kyle in his life time bought the ninety and one-fourth acres of land from special commissioner Enslow, and that the same was conveyed to respondent by Kyle and said commissioner; that at the time Kyle bought the land he was wealthy, having large holdings of real estate and personal property, and was considered worth fifty or sixty thousand dollars over and above his debts, and was perfectly solvent; that at the time of the purchase Kyle was indebted to respondent for services rendered which he had agreed to pay and that Kyle bought the land for respondent at his request; that respondent took immediate possession of the property upon the confirmation of the sale, and held possession of it, making improvements upon it to the amount of $600.00; that all facts connected with the sale and delivery of the possession of the land to him was fully known to plaintiff; that they knew the land was bought by Kyle, for respondent and that the same was conveyed to him, and that he was in fact the owner of it in actual and open possession, claiming it as his; that the whole purchase money was paid to Enslow, special commissioner, prior to August 29, 1892; that respondent was in such actual open possession of said property claiming the same as his own from the year 1891, until 1897, when the deed was made and delivered to him, and that when said judgment was rendered in favor of the plaintiffs against Kyle, Kyle had no interest, either legal or equitable in said land; that judgment of the plaintiffs was in no shape, manner or form a lien upon the said property; that the fact that the deed was not recorded

until after the rendition of the judgment did not create any rights in the creditors of Kyle to said property; that at the time Kyle became indebted to plaintiffs they knew that respondent owned said land and was in actual possession, having both the equitable and legal title thereto, and that the said debt of the said Ansells was in no manner contracted upon the faith or credit of the said property for which said Kyle had no deed and which he did not claim nor own, and prayed that he be confirmed in his title to the property, and that the judgment be held as not being a lien upon the same, and that he have a decree quieting his title.

Defendant W. T. Cox, filed his answer and says that the tract of ten acres of land conveyed to him by Enslow, trustee, was sold by F. F. McCullouch, trustee, and bought by Enslow, trustee, for the bondsmen of the said Kyle long prior to the rendering of the judgment in favor of plaintiffs; that while said ten acres was so held by Enslow, trustee, for the purpose of paying off such indebtedness of Kyle as his said bondsmen had paid or might thereafter be compelled to pay for Kyle respondent and Kyle went to Enslow, trustee, representing to Enslow that the said Kyle owed respondent several hundred dollars and prevailed on him to convey to respondent said ten acres, and the sum owed by the said Kyle to respondent was about the sum of $650.00, much more than the ten acres was worth; that Kyle had no interest whatever in said ten acres; that he never had any title thereto, either legal or equitable, or at most, would have no interest in said tract of land until after the full execution of the trust of said Enslow, and if respondent should have to account for said tract of land to any one it would be to said trustee, Enslow, or to the beneficiary of his trust; that in so far as said tract of land of ten acres was concerned the said Enslow was not trustee for said land but for the bondsmen of said Kyle.

The defendant Enslow, trustee, filed his answer and said that as to the tract of ninety and one-fourth acres he, as trustee, was not concerned or interested in the litigation concerning the same; that in the year 1895, E. Kyle, who had been sheriff of Cabell county became, and was largely indebted to the county in a sum considerably in excess of $35,000.00; that his sureties, said Enslow being one of them, were called upon to pay the same and to enable them to do so they bor-

rowed from the Penn Mutual Life Insurance Company, on account of said Kyle $35,000.00, which sum was turned over to respondent as trustee to be used by him in paying the debts of Kyle, which were liens upon his property at that time, so as to enable the Insurance Company to have the first lien upon the property of Kyle, who executed a mortgage upon his property, in the execution of which and of the note the sureties joined, which mortgage or trust deed conveyed not only the property of Kyle, but the property belonging to all of the sureties; that Kyle turned over to respondent, as trustee, the money received from the Insurance Company and also various other accounts, claims and demands to be held by him for the purpose of paying off his indebtedness; that amongst the assets so turned over to him was a judgment of S. Dillon against George Willisson and E. Kyle and W. T. Thompson, as sureties, amounting to about $239.00 which was paid by respondent as trustee. He afterwards found a deed of trust executed by Willisson upon the ten acres of land so conveyed to Cox to indemnify said E. Kyle as such surety; that respondent caused the land to be sold under said deed of trust, at which sale he purchased the same for the benefit of the sureties of E. Kyle on his said bond and the said land was held by respondent after the deed was executed to him until sometime in the year 1902, when at the request of Kyle he conveyed the same to W. T. Cox; that the said Cox paid to respondent, trustee, no consideration, the consideration passing from said Cox to the said Kyle; that respondent kept an accurate account of all money received by him for the account of said Kyle and all property that came to his hands by purchase or otherwise in the course of the collection of the accounts of said Kyle; that on the first day of March, 1903, there was due from the said Kyle to the said trustee account, the sum of $7,525.86; then enumerated the assets to pay the same and averred that if all said assets were collectable and the real estate could be converted into money there would be due to said respondent trustee, about $3,-000.00; that said tract of ten acres of land conveyed to Cox was subject, first to the payment of a balance due from said Kyle to said trustee, and that under the circumstances it was not subject to the lien of the plaintiffs, Ansell, nor to any of the creditors of said Kyle; that Kyle had no interest in the

same until all the debts due from him to his sureties, on his official bond, was paid, and that the ·mere· fact that it was transferred to Cox by the trustee at the request of Kyle did not make it the property of Kyle or applicable to his general debts, but that the same could be, by the sureties on the bond of Kyle, charged against said Enslow, trustee, and he compelled to pay and account for the said $250.00, the value of said property.

· The cause was referred to a commissioner to make, state and report of what estate, both real and personal, E. Kyle died seized and possessed, what liens, if any, there were upon the real estate of said Kyle, and· the amounts and priorities thereof, and the amount of the indebtedness of the said Kyle at the time of his death; whether or not the title to the ninety and one-fourth acres of said land was vested in Kyle in his lifetime and whether the judgment of plaintiffs was a lien thereon; whether or not the judgment of plaintiffs was a lien upon the ten acres of land conveyed by Enslow, trustee, to W. T. Cox and also a settlement of the account of Enslow, trustee, and of E. Kyle, Jr., administrator of E. Kyle, and to report the balances remaining, if any, in their hands respectively.

The commissioner's report shows that at the time of his death, E. Kyle, did not hold the legal title to any real estate, and that the ninety and one-fourth acres conveyed to Mitchell and the ten acres conveyed to Cox were subject to the judgment lien of the plaintiffs, Ansell, and to other debts of Kyle; that there appeared to be no assets in the hands of the administrator of the decedent's estate, except $662.00, in apparently worthless notes and that the estate was indebted to the trust·account in the sum of about $3,000.00, after the ap· plication of the assets.

The defendant, W. T. Cox, excepted to the commissioner's report because it held the ten acres of land conveyed to exceptant liable to plaintiff's judgment because at the time of making the deed to Cox on the 15th of January, 1902, E. Kyle was not insolvent; that if Kyle was then insolvent this suit was not brought within the year prescribed by the statute for attacking transfers or wages made by an insolvent debtor to prefer a creditor; that this suit was not brought for the purpose of attacking and setting aside the deed to Cox as

is provided for by statute in order that any creditor may set: aside as void a transfer of property by an insolvent debtor to one of his creditors.

The defendant Mitchell, excepted to the report because. it held the ninety and one-fourth acres subject to the lien of. plaintiff's judgment and because he did not report that the, sale and conveyance to Mitchell was a valid conveyance and vested him with the title and, "Because the gift to Mitchell of the said ninety and one-fourth acres was valid before transfer of the property and —— takes and held adverse to, all claims and was and is valid against Kyle and Kyle's creditors."

The cause was heard on the 8th day of April, 1904, when, two final decrees were entered, the court sustaining the exceptions of Cox to the commissioner's report and held that, the ten acres was not subject to the judgment of plaintiffs, and that the judgment was not a lien upon said tract of land of ten acres, and decreed accordingly, and dismissed the bill so far as it attempted to subject the ten acres to sale, and gave judgment for costs to said Cox, and made a similar decree as to the ninety and one-fourth acres belonging to B. V. Mitchell, sustaining said Mitchell's exceptions to the commissioner's report and decreeing that he hold the said ninety and one-fourth acres of land free from all claims of the plaintiffs or the judgment creditors in said report set out, and dismissed the bill as to Mitchell and said ninety and one-fourth acres with decree for costs to said Mitchell.

From which decrees the plaintiffs appealed and say that the court erred in sustaining the exceptions of Mitchell to the report of commissioner Bryan, and also in sustaining the exceptions of W. T. Cox to said report and finding that the said ninety and one-fourth acres and ten acres, respectively, were not subject to the payment of plaintiff's judgment lien, and in dismissing plaintiff's bill, so far as it attempted to subject the said two tracts of land held by Mitchell and Cox respectively to the payment of their judgment.

As to the ninety and one-fourth acres held by Mitchell it is insisted that Mitchell is not protected in his holdings because he is not a purchaser.

The defense of Mitchell is made upon the theory that he had a parol contract for the ninety and one-fourth acres of

land and his counsel cite *Snyder* v. *Martin*, 17 W. Va. 276, and *Pack* v. *Hansbarger*, *Id.* 313, in support of their contention, the latter case being referred to as "exactly in point," where it is said that a party in possession, some time after the parol contract procures a deed from the vendor, which deed was not admitted to record until after the judgment, that the judgment creditor could not subject the interest of the purchaser by parol, in possession of the land, to the payment of his judgment. The evidence does not sustain the contention of Mitchell that he had a parol contract, while he claims in his answer that he took possession of the land and made "Improvements thereon to the value of six hundred dollars so that the same became and was quite valuable," this answer was denied by general replication and the said Mitchell upon examination-in-chief as a witness testified as follows: "Q. Do you know what Mr. Kyle paid for the place? A. I do not; only what the deed says. Q. When he turned over the possession of the farm to you, did he accompany that with any statement as to why he turned it over to you? A. He did not." In his testimony he does not show that he ever did any work or made any improvements or expended any money upon the land. He only says he rented it out and collected the rents to his own use. The case most favorable to defendant Mitchell is found in 32 W. Va. 463—*Frame* v. *Frame*, where it is held, (syl. pt. 1): "A court of equity will enforce a verbal promise made by a father to a son in consideration of love and affection to give him land and to make him a deed therefor, if the son induced by such promise has taken possession of the land and expended on it labor and money in improvements." In that case it will be observed the son was induced by the promise of his father to give him the land and make him a deed therefor to take possession of the land and expend upon it labor and money in improvements. While in case at bar the property was purchased by Kyle and the possession thereof turned over to the defendant with no promise on the part of Kyle to convey the same to him. According to the defendant's own testimony the possession of the land was turned over to him by Kyle unaccompanied by any statement on the part of Kyle as to why he gave him the possession of it. There is no evidence to show that he either paid or was to pay anything for,

or on account of the land. To entitle him to the benefit of it he must have a contract and such a contract as can be enforced in a court of equity. There is nothing in the record to show that Mitchell ever expended a dollar in improvements on the property, or any labor thereon; only the bare fact that he rented it out and collected the rents to his own use. It is well settled in this State that a parol contract for the sale of land where the purchaser has been placed in possession and the terms of the contract are certain and the contract partly performed by the payment of the purchase money or a part thereof, thereby vesting an equitable estate in the purchaser, courts of equity will enforce such contract. *Snyder* v. *Martin*, 17 W. Va. 276; *Pack* v. *Hansbarger*, *Id.* 313; *Frame* v. *Frame* 32 *Id.* 463. See also *Smith* v. *Gott*, 51 W. Va. 141-145. It by no means appears that Mitchell had such contract for the purchase of the ninety and one-fourth acres of land as he could have enforced in a court of equity—in fact he had no contract, and it is not contended that he had. On the 27th of August, 1897, F. B. Enslow, special commissioner, who sold the ninety and one-fourth acres to Kyle, and was directed by the court to convey the land to Kyle upon the payment of all the purchase money, at the request of Kyle, who joined with said commissioner in the deed. conveyed the said land to said Mitchell, which deed was not entered of record until the 22d day of August, 1902, five years after its date. During his term of office running from the beginning of the year 1889, to the end of the year 1892, Kyle as sheriff of Cabell county, had become involved as before stated in a large amount and in the year 1895, made a conveyance of all of his property and assets to F. B. Enslow, trustee, for the benefit of his creditors, and on the 10th day of June, 1900, he confessed the judgment to plaintiffs upon a note dated the 27th day of June, 1894, so that at the time of the execution of the deed by Kyle and commissioner Enslow, to Mitchell the said Kyle was wholly insolvent. In *Anderson* v. *Nagle*, 12 W. Va. 98, (syl. pt. 1), it is held: "A contract in writing was executed for the sale of land, before judgments were obtained against the vendor. and the deed executed in pursuance of said contract was not recorded until after the the said judgments were duly docketed and the contract was never recorded. Such contract, and deed are void

as to such creditors; and the land so contracted to be sold, and so conveyed is subject to the satisfaction of the judgments." Having no parol contract the defendant, if he relied upon his deed, occupied the same position that he would if he had purchased from his insolvent vendor, the land on that day, and his deed was void as to creditors. *Withers* v. *Carter*, 4 Grat. 407. The ten acres purchased by trustee F. B. Enslow for the benefit of the trust fund at the sale thereof under the deed of trust to indemnify his principal Kyle, said trustee having paid the judgment against Kyle and caused the sale of the ten acres to be made, and so purchased by him, taking the title in his name as trustee, and by him conveyed to W. T. Cox at the instance of Kyle on account of a claim or account due from Kyle to A. R. Cox and Co. was subject to the demands of the creditors of said Kyle. As to the relative rights of plaintiffs under their judgment, other judgment creditors and the creditors secured by the trust created by Kyle in 1895, touching those two tracts of land, it is a matter not passed upon by the circuit court, and not here for adjudication. There is enough in the record to show the sxistence of the trust created by Kyle in 1895, but the trust deed is not made a part of the record. The exceptions of Mitchell and Cox to the commissioner's report should have been overruled by the court.

For the reasons herein stated the two decrees complained of are reversed and annulled and the cause remanded to the circuit court of Cabell county for further proceedings to be had therein in pursuance of the principles herein stated and according to the rules and principles governing courts of equity.

*Reversed.*