# CHARLESTON.

WESTINGHOUSE LAMP COMPANY *v.* INGRAM *et al.*

Submitted September 12, 1911.   Decided April 16, 1912.

1. FRAUDULENT CONVEYANCES—*Transactions Invalid—Preferences —Right to Prefer Creditors.*

   Intent of an insolvent debtor to prefer one creditor over another does not constitute fraud justifying total annulment of a preferential deed, or the deprivement of the secured creditor of *pro rata* distribution with other creditors. (p. 666).

2. SAME—*Transactions Invalid—Preferences—Statutory Provision.*

   Where no actual fraud is charged or proven, section 2, chapter 74, Code 1906, does not avoid a deed intended as a preference in toto; it only avoids it as a preference, and thereby converts it into a general assignment for the benefit of all creditors, on suit brought for that purpose within the time limited by the statute. (p. 667).

3. SAME—*Remedies of Creditors—Relief.*

   In a suit by creditors to set aside or avoid such preferential deed, it is error, without actual fraud charged and proven, to deprive the preferred creditor of *pro rata* distribution in the proceeds of the sale of the property conveyed. (p. 667).

4. SAME—*Remedies of Creditors—Parties.*

   Where in such suit judgment creditors of a prior owner of a part of the real estate conveyed appear before the commissioner and assert and prove their liens on such property, it is error for the court, without requiring the judgment debtor to be brought in and made a party defendant, to decree such judgments in favor of the lienors, and a sale of such land to satisfy the same. Such judgment debtor is a necessary and proper party to such suit. (p. 668).

5.  APPEAL AND ERROR—*Appellate Jurisdiction—Amount—Decree for Costs.*

> A decree in such suit in favor of the plaintiff's attorney, for $75.00, to be paid out of the proceeds of the sale of the property as a part of the costs, being insufficient in amount to give this Court jurisdiction, is not reviewable here.   (p. 669).

Appeal from Circuit Court, Preston County.

Bill in equity by the Westinghouse Lamp Company against W. S. Ingram and others.   From the decree, J. Ami Martin appeals.

*Affirmed in part.     Reversed in part.     Remanded.*

*William J. Snee,* for appellant.

*J. T. Dailey, A. G. Hughes* and *P. J. Crogan,* for appellees.

MILLER, JUDGE:

Of the two decrees appealed from, the first, of December 8, 1908, adjudges that the deed of trust of July 7, 1908, of Ingram and wife to Weaver, Trustee for Martin, conveying the lots, electric light plant and equipment, was made to hinder, delay and defraud the creditors of Ingram, and to create a preference in favor of Martin, and thereby to hinder, delay and defraud the creditors of Ingram, and especially the plaintiff, and the petitioning creditors; and it was thereby further decreed that said deed of trust be set aside and held for naught, in so far and in so far only as the debt of the plaintiff, and the petitioning creditors Wickes Brothers and others, Doubleday-Hill Company and others, and Sands Electric Manufacturing Company are concerned, "or any other judgments, liens and debts contracted prior to the execution of said Trust by the said W. S. Ingram."   This decree also referred the cause to a commissioner "for the purpose of ascertaining the accurate amounts due unto the said plaintiff and petitioning creditors herein mentioned and any other liens and debts properly chargeable against said W. S. Ingram."

The second of said decrees, that of June 18, 1909, the final decree, brought the cause on to be further heard upon the papers theretofore read, former orders and decrees therein, the answer

of Martin to the bill of complaint, and his several answers to the petitions of the several petitioning creditors filed in the cause, the report of the commissioner, and the exceptions thereto of Martin and Ingram; and interpreting the language of appellant's petition filed, as a waiver of his exceptions to the commissioner's report, and of his right to equal priority with other creditors in the distribution of the proceeds of the sale of the property covered by said trust, the court overruled said exceptions, confirmed the report of the commissioner, and postponed appellant until the debts of all other creditors reported and decreed them, and which had accrued prior to the date of said trust, should be fully paid and satisfied.

The first point made is, that the court erred in confirming the commissioner's report, and in so postponing appellant. The appellant in his answer conceded to the other creditors, the only right prayed for in the bill, namely, that his deed of trust should be treated as a general assignment of Ingram, for the benefit of all his creditors, and that there should be *pro rata* distribution among them, of the proceeds of the sale of the property.

While recitals in the bill may imply a charge of fraud, and a purpose to hinder and delay creditors in the execution of said trust, they do not amount to positive averment. The bill is clearly intended as a bill to avoid a preference, under section 2, chapter 74, Code 1906. Our decisions hold that proof of an intent to prefer one creditor over another does not constitute fraud justifying a decree annulling a deed in toto. *Drug Co.* v. *Faulconer,* 52 W. Va. 581; *Herold* v. *Barlow,* 47 W. Va. 750.

Notwithstanding the purpose and prayer of the bill was to avoid the deed of trust as a preference, the court by its decree of December 8, 1908, undertook to avoid the deed entirely, in so far as it affected the plaintiff and other creditors. This was clearly error, and wholly unwarranted by pleadings or proof.

But can the decree postponing appellant be justified on the theory of waiver? The object of appellant's petition among other things was to have the report of the commissioner corrected in accordance with his exceptions thereto. The prayer thereof, construed as a waiver was, "that said Commissioner's Report be corrected to the extent of allowing the said J. Ami Martin's claim of $22,000.00, equal in priority to all the other

creditors except as to the plaintiff and the petitioning creditors and others whose claims accrued prior to the execution of the deed of trust by the defendant W. S. Ingram to J. Ami Martin." If the court's interpretation of this language be the correct one, the petition would be a vain and meaningless performance, for the commissioner had already reported exactly in accordance with the decree. The petitioner plainly meant to have the commissioner's report corrected so as to allow him to share *pro rata* with other creditors. The exception may have been intended to apply more particularly to the plaintiff and any other creditors who had recovered judgments and acquired liens on the property antedating the deed of trust. The language is awkward it is true, but it is plainly apparent that no waiver was intended.

Appellant's rights therefore depend wholly on the provisions of said section 2, chapter 74, of the Code. Where no actual fraud is charged or proven that section does not avoid a deed intended as a preference in toto; it only avoids it as a preference, and thereby converts it into a general assignment for the benefit of all creditors, on suit brought for that purpose within the time limited by the statute. Relating to such suit the provision of the statute is: "Every such suit shall be deemed to be brought in behalf of the plaintiff and all other creditors of such insolvent debtor, but the creditor instituting such suit or proceeding, together with all creditors of such insolvent debtor, who shall come into the suit and unite with the plaintiff before final decree and agree to contribute to the costs and expenses of said suit, shall be entitled to have their claims first paid in full *pro rata* out of the property so transferred or charged, in preference to any creditor of such debtor who shall before final decree decline or fail to so unite and agree to contribute to the costs and expenses of said suit, but not in preference to such creditor as may attempt to sustain the preference given him by such transfer or charge."

The language of this section is clear and requires no interpretation. The last clause of the provision quoted makes it plain that even if the appellant had attempted to sustain the preference given him, other creditors would have acquired no priority over him. But he did not attempt to do so. He at once

acknowledged the rights of other creditors to participate on equal terms in the distribution of the assets. On what principle of law or equity then can he be deprived of his rights as creditor? From a verified statement of appellant's claim accompanying his exceptions to the commissioner's report it appears to be made up of purchase money and other money advanced to Ingram. The deed of trust itself was at least *prima facie* evidence of the genuineness of his claim if no other proof had been introduced before the commissioner. The commissioner reported this claim in full. No one excepted to his report on this ground. Our conclusion, therefore, is that the court erred in denying appellant equal rights of priority with other creditors of the same class under said general assignment.

The next error assigned is, that the court erred in decreeing as liens on the real estate, designated in the record as Parcel No. 2, or the interest of J. J. Jenkins therein, certain judgments against Jenkins and others, aggregating some $900.00. Two points are made against the report of the commissioner, and the decree of the court in favor of these creditors, first, that neither the creditors themselves nor Jenkins the judgment defendant, were parties to the suit, or in any way impleaded in the cause, so as to be bound by the decree; and, second, that if they had been made parties, these judgments were recovered and docketed long after Jenkins by parol contract had sold said lots to Martin, and he had gone into possession and improved the property, wherefore these judgment creditors acquired no lien on said property, superior to the equitable rights of appellant.

First, it is argued that this is not a judgment creditors suit, in which, without pleading, a judgment creditor by appearing before the commissioner may have his lien reported, and a decree for his debt. We pass this point, for we have concluded that Jenkins, the judgment debtor, is a necessary party to the suit. The necessity of his presence does not appear from the bill and could not have been reached by demurrer. It does appear, however, from the commissioner's report, and from the answer and petition of the appellant. Jenkins conveyed this property to Martin, by deed of general warranty, dated February 15, 1907, acknowledged March 5, 1908, but it was not recorded until March 7, 1908, Martin assuming to pay a prior

purchase money lien in favor of Fike and wife, from whom
Jenkins had acquired the property. So that if this property,
with the improvements put upon it by Martin, shall be .sub-
jected to the payment of these judgment liens against Jenkins,
Martin will have right of action against Jenkins on his covenant
of warranty. This being so, is not Jenkins, the judgment
debtor, assuming this to be a judgment creditors suit, a neces-
sary party? If there be such judgments, and they have not been
paid, is not Martin entitled to have Jenkins brought in and
bound by the decree? It is unnecessary to cite authorities for
the familiar rule, that all persons materially interested in the
subject of the controversy ought to be made parties in equity,
and if they are not the defect may be taken advantage of, either
by demurrer, or by the court at the hearing. See the many cases
digested, 10 Enc. Dig. Va. & W. Va. Rep. 736, *et seq.* In the
recent case of· *Augir* v. *Warder,* 68 W. Va. 752, we held, the
principal contractor to be a necessary party to a suit to enforce
a mechanics' lien against the building of the owner. The rule
of that case we think applicable here. We are of opinion, there-
fore, that the court below erred in not requiring Jenkins to be
brought in as defendant, and that the decree on review will have
to be reversed on this ground.

The second point we do not think fairly arises. It is true, that
a purchaser by parol contract, having by possession and by part
performance, acquired the equitable title to land, is protected
against subsequent judgments recovered against his vendor.
*Snyder* v. *Martin,* 17 W. Va. 276; *Biern* v. *Ray,* 49 W. Va. 129;
*Smith* v. *Gott,* 51 W. Va. 141. But appellant refers the date of
his alleged parol contract to the date of his deed from Jenkins.
That deed is in the record, and while it bears date prior to the
date of the judgments, it was not recorded until after the judg-
ments were recovered and docketed. The fact of a prior parol
contract and possession under it is not established by *al-
legata or probata.* True the fact is alleged in the petition, but
the petition was without parties, and no issue thereon was fairly
presented to the court below for decision. We therefore over-
rule the point.

The only other point of error is, that the court below erro-
neously decreed James T. Dailey, plaintiff's attorney, as a part

of the costs of the suit, to be paid out of the proceeds of the sale of the property, a fee of $75.00. If this be error the sum in controversy is not sufficient to give this Court jurisdiction to correct it, and this point will have to be overruled. *Wees* v. *Elbon,* 61 W. Va. 380, 387, and cases cited.

Our conclusion, therefore, is to reverse the decrees appealed from in so far as they set aside in *toto* the deed of trust of July 7, 1908, and deny to appellant the right to participate in equal "priority with other creditors of the same class in the distribution of the proceeds of the sale of the property decreed to be sold, and to sustain his exceptions to the commissioner's report on this ground. And the decree of June 18, 1909, which in the absence of J. J. Jenkins, the judgment debtor, and in so far as it decrees the several judgments of the Terra Alta Bank, Charles W. Jackson, and Offutt & Lakin, against the said Jenkins and others, as reported by said commissioner, to be liens on the supposed interest of said Jenkins in said Parcel No. 2, must also be reversed, and appellant's exceptions to the report of the commissioner on this ground must also be sustained. And perceiving no other errors therein, remediable here, said decrees will in all other respects be confirmed, and the cause will be remanded with leave to the parties to amend their pleadings, and to bring in as defendant the said J. J. Jenkins, and to be further proceeded in in accordance with the foregoing principles, and further according to the rules and principles governing courts of equity.

*Affirmed in part. Reversed in Part. Remanded.*