C. E. LAWHEAD, *Receiver v.* N. G. SCOTT *et al.*

(No. 8007)

Submitted October 2, 1934. Decided October 9, 1934.

*Ralph M. Hiner, Koontz, Hurlbutt & Revercomb* and *W. Elliott Nefflin,* for appellant.

*Calhoun & Calhoun* and *D. H. Hill Arnold,* for appellees.

WOODS, PRESIDENT:

This is a suit in equity to set aside and rescind a certain transaction as fraudulent. The original bill was filed at the July Term 1933. A demurrer to plaintiff's amended and supplemental bill was sustained, and the case dismissed; hence this appeal.

The pleading aforesaid avers, among other things, that N. G. Scott was a creditor of the Farmer's Bank of Pendleton in the amount of $5,500.00 and held a six months certificate of deposit therefor, maturing May 23, 1932, or upon the holder of the certificate giving thirty days previous notice to the bank of his desire to anticipate the maturity thereof; that Scott, on December 21, 1931, surrendered such certificate of deposit to the bank and received in payment therefor various negotiable notes, amounting to the sum of $5,446.22 (including therein one owing by Scott to the bank in the sum of $1,896.22), and a deposit in said bank of $73.78, said negotiable notes being endorsed to him by said bank, by its cashier; that the bank closed December 30, 1931; that the payment of the certificate of deposit in the manner aforesaid "was fraudulent, unlawful, illegal and wrongful, without authority and without consideration and then and there gave a fraudulent preference to the said defendant, N. G. Scott, as a creditor of said bank," and "was made and done without proper consideration therefor and without the authority, knowledge and consent of the Board of Directors of said bank, and was beyond the authorized powers and duties of the said Irving Ritchie, then cashier of said bank; and at the time of the said transfer and delivery of the notes and money as aforesaid to the defendant, N. G. Scott, the said bank was then and there insolvent."

The bank was not required to insist upon the thirty days' notice of demand for payment. Such provision in the certificate was for its protection, and hence could be waived. 5 Michie's Banks and Banking 683. Assuming

that the cashier had no authority to waive notice, there is nothing in the pleading negativing a subsequent ratification by the Board of Directors. Mere intent to prefer is not sufficient to establish fraud. *Westinghouse Lamp Co.* v. *Ingram,* 70 W. Va. 664, 74 S. E. 941. So, a ratification of the cashier's act by the bank would not of itself constitute a legal fraud as against the other creditors of the bank. No fraud, either actual or constructive, having been pleaded, the demurrer to the bill was properly sustained.

The plaintiff insists that in any event he is entitled under the circumstances to have the case reversed and remanded for the purpose of amending.

The order appealed from recites, among other things, that "the court is of opinion to, and doth hereby sustain the demurrer to said amended and supplemental bill of complaint, and the same is dismissed; * * * whereupon, upon motion of attorneys for both parties in interest, the court consenting thereto, it is adjudged, ordered and decreed that this cause be, and the same is hereby certified to the Supreme Court of Appeals of this State for its decision," etc. Sometime after the term had ended, counsel for plaintiff became aware of the fact that the order was final, in that it dismissed the bill, and therefore appealable only. *Lee* v. *Elkins,* 97 W. Va. 183, 124 S. E. 499; *State* v. *Crockett,* 94 W. Va. 423, 119 S. E. 165; *Blue* v. *Hazel Atlas Glass Co.,* 93 W. Va. 717, 117 S. E. 612; *Saffel* v. *Woodyard,* 90 W. Va. 747, 111 S. E. 768. Thereafter a petition was filed and the present appeal awarded.

The defendant contends that if appellant desired to amend he should have filed a second amended bill during the term of court at which the demurrer was sustained (Code 1931, 56-4-26); and having failed to do so, has waived his rights to amend further.

Ordinarily a decree sustaining a demurrer to a bill should grant leave to amend before dismissing it. *Kelley* v. *Thompson,* 87 W. Va. 694, 106 S. E. 230; *Hays* v. *Heatherly,* 36 W. Va. 613, 15 S. E. 223. And this applies with equal force to an amended and supplemental bill.

It is apparent from the order appealed from that the

court and the parties were under a misapprehension regarding the law. Certification was uppermost in their minds. Had the order merely sustained the demurrer, the pleading on return to the lower court would have been open, upon a proper showing, to further amendment. Such being the case, we feel that the ends of justice demand that the case be remanded in order that plaintiff may amend, if he be so advised. *Wholesale Coal Co. v. Price Hill Colliery Co.*, 98 W. Va. 438, 128 S. E. 313.

*Reversed and remanded.*