# CHARLESTON.

Pittsburgh & West Virginia Gas Co. v. Silas Shreve *et al.*

Submitted February 7, 1922.      Decided February 14, 1922.

Appeal and Error—*Supreme Court Cannot Review Decree Dismissing Part of Answer Setting up Affirmative Relief, Either by Voluntary Certification, or Parties' Joint Application.*

Where a demurrer to an answer in the nature of a cross-bill has been sustained and a decree entered dismissing the answer so far as it sets up matter for affirmative relief, the appellate court does not have jurisdiction to review and pass upon the questions raised by the demurrer to the affirmative relief sought, upon certification to it by the judge of his own volition or upon the joint application of the parties, under the last clause of sec. 1, chap. 135, Code.

Case Certified from Circuit Court, Wetzel County.

Action by the Pittsburgh & West Virginia Gas Company against Silas Shreve and others. Certified by the circuit court upon its own motion for review of its action in sustain-ing a demurrer to the answer in the nature of a cross-bill.

*Dismissed.*

*M. H. Willis,* for plaintiff.

*T. M. McIntire, G. W. Coffield,* and *D. V. Lemon,* for de-fendants.

Lively, Judge:

The circuit court upon its own motion has certified to this court for review its action in sustaining a demurrer to an answer in the nature of a cross-bill, as provided in the last clause of sec. 1, chap. 135, Code.

Plaintiff filed its bill of interpleader in which. it alleges that it has certain sums of moneys in its hands, as the lessee of a tract of twenty-two acres formerly owned by Elizabeth and Elija Tuttle, derived from development of gas thereon in paying quantities, and to which sums defendants assert conflicting claims, based on certain conveyances of the land and gas therein made by the Tuttles. Defendants W. V. Gallagher, T. C. Gallagher, Della Gallagher, H. J. Lewis and Lyle Martin filed their answer in the nature of a cross-bill in which they aver that their claims to the moneys are based primarily upon a deed made by the Tuttles on the 9th of May, 1898, which conveyed to T. C. and W. O. Gallagher "the one sixteenth part of all the oil and gas within and under the following described land" (the 22 acres) ; that the deed was not correctly drawn by the scrivener; that the intention and understanding of the parties thereto was that the grantees should have one-half of the royalties and one-half of the rentals in the oil and gas in said land, and that the Tuttles (who are now dead) and those claiming under them, their co-defendants, always understood and considered that said Gallaghers owned one-half the royalties and rentals and never made any other claim until after the development of the land for gas under plaintiff's lease and the accrual of gas rentals. They prayed that their co-defendants, the adverse claimants, be made parties defendant to their cross-bill; that the Tuttle deed of 1898 be reformed so as to conform to the true intent of the parties thereto; and that they be decreed one-half of the gas rentals derived from said land and thereafter accruing. Silas Shreve and the other adverse claimants to the gas rentals demurred to the cross-bill, and a decree was entered sustaining the demurrer on the ground of laches on the part of the Gallaghers in asserting their claim for reformation of the deed and dismissing the cross-bill in so far as it prays for affirmative relief.

Can the appellate court review this decree upon certificate provided for in the last clause of sec. 1; chap. 135, Code? That clause reads: "Any question arising upon the sufficiency of a summons or return of service, or challenge of the sufficiency of a pleading, in any case within the appel-

late jurisdiction of the supreme court of appeals, may, in the discretion of the court in which it arises, and shall, on the joint application of the parties to the suit, in beneficial interest, be certified by it to the supreme court of appeals for its decision, and further proceedings in the case stayed until such question shall have been decided and the decision thereof certified back.'' A reading of the clause impels a conclusion that it was not intended to take the place of appeals and writs of error. It limits the right of this court to decide questions arising in the preliminary stages, and before final judgment or decree. It was intended to settle basic questions of procedure prior to the expenditure of labor and expense incident to a full preparation for final hearing. In this decree we have finality; and the only way by which a final decree can be reviewed in the appellate court is by appeal. Had the demurrer been sustained or overruled without dismissal of the cross-bill, the action of the court would have been reviewable by the procedure under consideration—by certification. The merits of the cause would have been pending, undetermined, and the parties yet before the court. It is true that plaintiff's bill of interpleader is pending. The relief sought by that bill has not been granted nor refused; but the controversy between the co-defendants arising on the cross-bill answer, the merits of the underlying cause of the litigation, have been determined, adjudicated and dismissed from further consideration. As between co-defendants there is finality in the decree. What part they shall take of the fund interpleaded is a mere matter of calculation. What could be more final in the adjudication of action, properly pleaded, than the dismissal of the bill for want of merit? We decided in *Heater* v. *Lloyd*, 85 W. Va. 570: ''The correctness of the ruling of a trial court sustaining a demurrer to a bill, but not dismissing it, may properly be considered by this court upon certificate, as authorized by section 1, ch. 135, Code; but the court will not consider that part of the order dismissing from the suit one or more, but not all, of the parties defendant, such action being final as to them, and, if erroneous, correctable only upon appeal.''

We are without jurisdiction to consider the decree by this procedure, and it will be so certified to the circuit court.

*Dismissed.*