# CHARLESTON.

STATE, BY ETC. *v.* BERN CROCKETT.

Submitted September 5, 1923.   Decided September 11, 1923.

> APPEAL AND ERROR—*Order Sustaining Demurrer and Dismissing Cause Held Appealable and not Reviewable on Certificate; and "Final Order."*
>
> An order sustaining a demurrer to a bill and dismissing the cause (plaintiff not desiring to amend) is a final order, and is not reviewable by the supreme court by certification of the questions arising on the demurrer, under the last clause of sec. 1, chap. 135 of the Code.

Action by the State, by the Prosecuting Attorney of Raleigh County, against Bern Crockett.   On certified questions.

*Dismissed.*

*E. T. England,* Attorney General, and *D. D. Ashworth,* for plaintiff.

*J. W. Maxwell,* for defendant.

LIVELY, JUDGE:

This case is certified to this court, on motion of the circuit judge, under and by virtue of the latter part of sec. 1, chap. 135 of the Code relating to "Certified Cases."

The bill or petition was filed on behalf of the State of West Viirginia, by the prosecuting attorney of Raleigh county, and prays that an automobile belonging to defendant be declared a public nuisance, and abated as such, and that the same be sold for the benefit of the general school fund under the provisions of sec. 14 chap. 32-A Barnes' Code as amended by chap. 108 of the Acts of 1919; it being charged in the bill that the automobile was, on the 6th of November, 1922, owned and operated by defendant on the public roads for the purpose of unlawfully transporting intoxicating liquors from place to place within the State, when he was arrested, a large quantity of intoxicating liquors found in the automobile, the liquor confiscated, and the automobile taken into the possession of the officer making the arrest, in pursuance of the statute.

The date of the filing of the bill does not appear from the certified record. It was duly sworn to November 25, 1922. Defendant appeared by counsel and demurred to the bill, and the court sustained the demurrer and dismissed the cause. The record does not give the date of the court's order. The order, after noting the appearance and demurrer of defendant to the bill, and argument of counsel thereon, recites: ''and the court, after hearing the argument of counsel thereon, is of opinion that the said demurrer to said bill should be sus-tained, and the plaintiff relying on its said bill and not de-siring to amend the same the above styled cause was dis-missed.'' The court certified the question of the sufficiency of the bill arising under the demurrer, on February 23, 1923.

The order of the court is final. It sustains the demurrer, and the cause is dismissed. A final order is not reviewable by this court upon joint application of the parties, or by the court's own motion, under the latter part of section 1 chap. 135 of the Code. *Saffel* v. *Woodyard,* 90 W. Va. 747; 111 S. E. 768; *Gas Company* v. *Shreve,* 90 W. Va. 277; 110 S. E. 714; *Heater* v. *Lloyd,* 85 W. Va. 570; 102 S. E. 228; *Marks* v. *Mitchell,* 90 W. Va. 702; 111 S. E. 763.

The cause will be dismissed for lack of jurisdiction of this court to consider the questions presented to it by this pro-cedure.

*Dismissed.*