# CHARLESTON.

STATE *v.* EMMA HOUCHINS.

Submitted April 29, 1924.   Decided May 6, 1924.

COURTS—*Supreme Court of Appeals Has no Jurisdiction to Review Rulings Certified by Court Inferior to Circuit Court.*

> Sec. 1, chap. 135, Barnes' Code of 1923 does not authorize the criminal court of Raleigh county, or any other court inferior to a circuit court, to certify to the supreme court for review its action upon any question arising upon the sufficiency of a summons or return of service, or challenge of the sufficiency of a pleading in any case therein pending; and the supreme court of appeals is not warranted in reviewing the rulings of such inferior courts so certified.

Certified case from Criminal Court, Raleigh County.

Emma Houchins was indicted for a felony.   Ruling sustaining state's demurrer to plea of autrefois acquit certified for review.

*Response to questions certified denied for want of jurisdiction.*

*McGinnis, Maxwell & McGinnis,* for defendant.

LIVELY, JUDGE:

The judge of the criminal court of Raleigh county, upon joint request of the prosecuting attorney and counsel for defendant, has certified for review his ruling upon a demurrer to a plea of *autrefois acquit* tendered and filed by defendant upon being arraigned for trial on an indictment for a felony. The questions propounded as having arisen are: (1) "Does said plea present a good defense to the indictment as a matter of law?"   (2) "Do the facts set up and pleaded in said plea raise a question of fact to be decided by the jury, or a mere matter of law to be decided by the court?"   (3) "If a person fire two shots, as alleged in said special plea and under the circumstances therein alleged, does the trial and acquittal of the accused for the firing of one of said shots bar prosecution for the firing of the other of said shots?"

We find no certified copy of the indictment with the papers. The plea and exhibit in support thereof together with a copy of the court's decision upon the demurrer to the plea constitute the certified record before us. Whether the indictment is for murder and in the statutory form given in section 1 of chapter 144 of the Code we are left to surmise. The court sustained the state's demurrer to the plea. We gather from the plea and from defendant's brief that she was indicted for the murder of Lewis Romans, and upon which indictment she was arraigned, and to which indictment the plea of *autrefois acquit* was tendered. The plea avers that she had been previously indicted at the October, 1923, term of the court for having committed murder upon Emma Carter, on which she was subsequently tried and found not guilty, and that the alleged murder of Lewis Romans arose out of the same affray in which Emma Carter was killed and that the facts and circumstances of the killing of Emma Carter, of which she was found not guilty, are the same as to the killing of Lewis Romans; that in a personal affray with one Emma Romans who, armed with a razor, had made an attack upon defendant, she, defendant, in defense of her life, fired two shots in rapid succession from a revolver in her hands at said Anna Romans with the intention of shooting her in order to protect her own life, but that both of these shots fired in rapid succession and with the same intent and purpose went wild, one of which killed Emma Carter and the other was fatal to Lewis Romans, and that the acquittal of the one crime so committed is a bar to the prosecution of the other, for which she was then arraigned.

We are confronted at the threshold of this case with the query as to whether we have jurisdiction to pass upon and answer questions certified to us by courts inferior to the circuit court under the provisions of the latter part of section 1 of chapter 135 of the Code. We have carefully considered this query, and answer it in the negative.

The judicial power is vested in the supreme court, the circuit court and the judges thereof, and in such inferior tribunals as may be created by the legislature, and in justices of the peace. The original jurisdiction of the supreme court is

limited to cases of habeas corpus, mandamus and prohibition In other cases its jurisdiction is appellate, including quo warranto, habeas corpus, mandamus, certiorari, and prohibition. The numerous cases in which the supreme court has appellate jurisdiction are set out in sec. 3, Art. 8 of the constitution; and it is given "such other appellate jurisdiction in both civil and criminal cases as may be prescribed by law." The method of reaching the supreme court by certification of questions arising upon the sufficiency of a summons, return of service, or challenge of the sufficiency of a pleading as set out in sec. 1, chap. 135, Code, is appellate in its nature. Judicial action is first required on the part of the lower court. The trial judge must first decide the questions raised, and make record of his action. The order recording his decision is interlocutory, but may be of such vital importance and effect upon the final disposition as to make it imperative in the economical administration of justice, that its correctness be speedily verified or denied by the court of last resort before the incurrence of vexatious costs and delays. The statute was designed for that purpose. *City of Wheeling* v. *Telephone Co.,* 81 W. Va. 438.

How shall appellate jurisdiction of the supreme court be invoked? Appeals and writs of error in all cases must be from this court to the circuit courts. The method of procedure by which the supreme court of appeals is reached from a tribunal inferior to the circuit court is through the latter in any case which falls within the appellate jurisdiction of the former. Any attempt to shorten the route by leaving out the circuit court would be in contravention of the express terms of section 12, Art. 8 of the constitution which gives to the circuit courts "appellate jurisdiction in all cases, civil and criminal, where an appeal, writ of error or supersedeas may be allowed to the judgment or proceedings of any inferior tribunal." Under that section "they shall have such other jurisdiction, whether supervisory, original, appellate, or concurrent, *as is or may be prescribed by law."* Hence, any attempt to annul or avoid the appellate jurisdiction or supervisory powers of the circuit courts is abortive as violative of the organic law. *Robinson* v. *Railroad,* 80 W. Va.

290.   It is very clear that appeals and writs of error from
the supreme court lie only to the circuit courts.   Their juris-
diction over cases originating in the inferior courts can not
be taken from them.   Otherwise a case involving in contro-
versy a matter of more than one hundred dollars, exclusive
of costs, could, by virtue of a statute, be taken direct from
a court of a justice of the peace to the supreme court.   If
final judgments, orders and decrees of a tribunal inferior to
the circuit courts can not reach the supreme court except
through the latter, then why should interlocutory orders be
permitted to do so?   To do so would curtail or deprive the
circuit courts of their appellate and supervisory jurisdiction
over the judgments and proceedings in cases, civil and crim-
inal, originating in the inferior courts.   Under the constitu-
tion, Art. 8, secs. 12 and 19, appellate proceedings from a
court inferior to a circuit court can only reach the supreme
court through the circuit court, and under such regulations
as may be prescribed by law.   *Robinson* v. *Railroad Co.,
supra; Rosin Land Co.* v. *Martin,* 81 W. Va. 33; *Blumberg* v.
*Snyder,* 90 W. Va. 145; *Truslow* v. *Payne,* 90 W. Va. 149.
But it is said that section 1, chapter 135, gives *any court* in
which there is a summons the sufficiency of which or the re-
turn on which is challenged, or in which there is a pleading
the sufficiency of which is challenged, the power to certify
its ruling for review direct to the supreme court, if the case
be such as might in due course reach the latter.   It is argued
that the legislature knew there were many criminal courts,
courts of common pleas, justices' courts, municipal courts,
and the like, and it was intended (and the statute should be
so construed) to give quick access to the supreme court to
determine for these inferior courts the correct solution of
challenges to the sufficiency of a summons, or return of ser-
vice or to the sufficiency of a pleading.   It is pointed out
that the statute says such questions may be certified in the
discretion of the ''court in which it arises,'' and the argu-
ment is that if the legislature meant the circuit court alone
the statute would have so stated.   We can not believe that the
legislature intended that any justice of the peace or police
judge, in a case where the freedom of a person was involved,

or in any case which might finally reach the supreme court, could certify questions to the supreme court and stay further proceedings pending answer. If such could be done the supreme court would find little time to devote to other important duties which are reasonably numerous and exacting. There are two justices of the peace in every magisterial district in each county; there is a police court in every incorporated town or village. Statutes must be construed, if possible, to harmonize with the constitution. The appellate jurisdiction of the circuit courts given by the constitution must be preserved, and any attempt to take it from them will fail. And when we examine the act relating to certified cases, chapter 69, Acts 1915, we find that the enacting clause amends sections 1, 5, 6 and 26 of chapter 135 of the Code, which relates to the manner and method of appeals to the supreme court in controversies in any circuit court. The chapter relates to the jurisdiction of the supreme court and appeals thereto from the circuit courts. The amendment incorporating the provision for certification of cases is found in section 1 of the chapter which treats of appeals and writs of error, in controversies in the circuit courts. To harmonize the act with the spirit and intent of the constitutional provisions and preserve the long established system of procedure by which the appellate jurisdiction of the supreme court is invoked we must construe the act as applicable to cases pending in the circuit courts. By that construction the statute can be upheld. It may be that the legislature can provide by law for review of any order or holding of an inferior court by the supreme court and thus enlarge its appellate jurisdiction—a proposition which does not arise in this case; but in doing so the jurisdiction of the circuit courts could not be violated or ignored. The form of certificate of questions authorized to be certified as found in Rule 1, paragraph 5 (83 W. Va. xli) adopted and promulgated immediately after the passage of the act in 1915, interprets the act as applying to litigation in the circuit courts. We hold that section 1 of chapter 135 of the Code as amended by chapter 69, Acts 1915, does not authorize the criminal court of Raleigh county to certify direct to the supreme court questions arising

upon the sufficiency of a pleading in a case therein pending; and that we have no jurisdiction to consider and answer questions so certified.

*Response to questions certified denied for want of jurisdiction.*