# CHARLESTON.

STATE *v.* FRED H. O'BRIEN

(No. C. C. 379)

Submitted September 1, 1926.   Decided September 7, 1926.

CRIMINAL LAW—*Judgment Sustaining Demurrer to Indictment or to Warrant in Criminal Case Before Circuit Court on Appeal, and Quashing Warrant or Indictment Because Insufficient, is Final, and Must be Reviewed by Writ of Error, Not by Certification (Barnes' Code 1923, c. 135, §§ 1, 31).*

The judgment of a circuit court sustaining a demurrer to an indictment, or to a warrant in a criminal case before the court on appeal, and quashing the warrant or indictment because insufficient, is a final judgment in either case, and cannot be reviewed by this court on certification under the provisions of Sec. 1, Chap. 69, Acts 1915 (Sec. 1, Chap. 135, Code 1923); but must be reviewed by writ of error as prescribed by Sec. 31, Chap. 69, Acts 1915 (Sec. 31, Chap. 135, Code).

(Criminal Law, 17 C. J. §§ 3272, 3313.)

(NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Case certified from Circuit Court, Jackson County.

Fred H. O'Brien was convicted of operating a motor vehicle on a public road when intoxicated.   The trial court certified the correctness of rulings for review.

*Dismissed, as improperly docketed.*

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

*Harold A. Ritz,* and *T. J. Sayre,* for defendant.

LIVELY, JUDGE:

Defendant, Fred O'Brien, was convicted before a justice of the peace on a warrant charging him with having operated a motor vehicle on a public road while intoxicated.   Upon appeal to the circuit court, his demurrer to the warrant and motion to quash the same were sustained.   The special judge

sitting in the case, on his own motion, certified the correctness of his rulings to this court for review.

We are confronted at the threshhold by a motion to dismiss this case because the action of the court in sustaining the demurrer to the warrant and quashing the same is a final judgment, and hence if reviewable at all, is reviewable by writ of error under the provisions of Chap. 69, Acts 1915 (Chap. 135, Sec. 31, Barnes' Code 1923), and therefore the case does not come within the purview of the certification statute, Sec. 1, Barnes' Code 1923, as amended by the Acts of 1925. There is merit in this contention. The sustaining of the demurrer to the warrant and quashing it on the ground that the facts charged do not constitute a crime, brings the case within the provisions of Sec. 31, Chap. 135, Code. On an appeal from a justice our statute provides that the court shall proceed to try the case as upon an indictment or presentment. At common law when a demurrer was sustained to an indictment because it was fatally defective in substance, the prisoner was discharged. The judgment was considered to be final. Under our present law such judgment is also final, its finality being suspended for thirty days in which the state may apply for a writ of error, as provided by said Sec. 31, Chap. 135, Code. The judgment is final in the sense that the indictment cannot be amended, even before the expiration of the thirty days allowed for appeal. This court, if the case were on appeal, might hold that the lower court had erred in sustaining the demurrer to the indictment, but it could not order that an amendment be made.

As the action of the lower court in sustaining the demurrer is a final judgment, this case is not reviewable upon certificate. *Saffel* v. *Woodyard*, 90 W. Va. 747; *Heater* v. *Lloyd*, 85 W. Va. 570; *Gas Co.* v. *Shreve*, 90 W. Va. 277; *Blue* v. *Glass Co.*, 93 W. Va. 717; *State, By &c.* v. *Crockett*, 94 W. Va. 423.

The conclusion reached above is strengthened when it is considered that the Act of 1915, Chap. 69, which provides for our certification statute, Sec. 1, Chap. 135, Code, also provides for the right of appeal to the state in criminal cases where an indictment is held bad or insufficient for any cause.

The legislature recognized the fact that a judgment holding an indictment insufficient was not within the purview of the certification section of Chap. 135, by expressly providing in the same act that the state should have the right of appeal in such cases, if that remedy was exercised within thirty days after the entry of such judgment.

*Dismissed as improperly docketed.*