# CHARLESTON.

J. A. ATKINSON and JOSIE L. ATKINSON *v.* EMPIRE SAVINGS & LOAN COMPANY, *a Corporation,* J. B. JONES, *Trustee,* GEORGE E. THOMAS *and* O. F. PAYNE

(No. C. C. 426)

Submitted January 8, 1929. Decided January 4, 1929. (Rehearing denied February 4, 1929).

*Burdette & Salisbury* and *F. H. Harless,* for plaintiffs.
*J. B. Jones* and *Coleman & Thompson,* for defendants.

LITZ, JUDGE:

This is an attempted certification, via the circuit court, from the ruling of the court of common pleas of Kanawha county on a demurrer to an amended and supplemental bill.

The original bill of complaint filed in the court of common pleas of Kanawha county, September Rules, 1925, against the defendants, Empire Savings & Loan Company, a corporation, J. B. Jones, Trustee, George E. Thomas and O. F. Payne, alleged that the plaintiffs, J. A. Atkinson and Josie L. Atkinson, his wife, by three several deeds, conveyed to said J. B. Jones, Trustee, certain real estate owned by the grantors in the city of Charleston to secure loans of money to them by the Empire Savings & Loan Company; that the plaintiffs having defaulted in the payment of said loans, the trustee, after proper advertisement, sold the property at public auction, January 15, 1925, to the defendants, George E. Thomas and O. F. Payne, for $9975.00; that the purchasers wrongfully declining to comply with their bid, the trustee after readvertisement, again attempted to sell the property at public auction, February 16, 1925, to Thomas and Payne for $6,000.00. It prayed for a decree, requiring the purchasers to comply with the terms of the first sale.

By an amended and supplemental bill, filed in open court June 14, 1929, the plaintiffs prayed for judgment against the defendants in the sum of $3,975.00. A decree was entered July 17, 1929, sustaining a demurrer to the amended and supplemental bill, and giving the plaintiffs ten days within which to amend. On July 23, 1929, plaintiffs filed a second amended and supplemental bill, charging that the trustee was, at the time of the execution of the several deeds of trust, a stockholder of and attorney for the Empire Savings & Loan Company, and that the defendants, George E. Thomas and

O. F. Payne were also stockholders of said corporation, assisting in the management of its affairs. This bill further charged, in effect, that the second attempted sale was brought about by a conspiracy between the purchasers and the trustee to defraud the plaintiffs; and prayed for an accounting between plaintiffs and Empire Savings & Loan Company, and for a decree, requiring the defendants, George E. Thomas and O. F. Payne, to comply with their bid of January 15, 1925, and rendering judgment against them and J. B. Jones, Trustee, in favor of plaintiffs, for $3,975.00, with interest thereon from the 15th day of January, 1925. By a decree of August 15, 1929, a demurrer to the second amended and supplemental bill was sustained in so far as it prays for an accounting between plaintiffs and Empire Savings & Loan Company, and overruled in all other respects. The ruling was certified by the court of Common pleas to the circuit court of Kanawha county and in turn certified by the latter to this Court.

Many points involving the sufficiency of the bills have been raised and argued. A question of jurisdiction, not suggested by counsel, presents itself. Can the Court of Common Pleas of Kanawha county certify its ruling under section 1, chapter 135, Code, which provides that "any question arising upon the sufficiency of a summons or return of service, or challenge of the sufficiency of a pleading, in any case within the appellate jurisdiction of the Supreme Court of Appeals, may, in the discretion of the court *in which it arises,* and shall, on the joint application of the parties to the suit, in beneficial interest, *be certified by it to the Supreme Court of Appeals* for its decision?" We think not, under the language of the Act and the ruling in *State* v. *Houchins,* 96 W. Va. 375. That case limits the authority of the statute to circuit courts. The opinion, by JUDGE LIVELY, states: "To harmonize the act with the spirit and intent of the constitutional provisions and preserve the long established system of procedure by which the appellate jurisdiction of the Supreme Court of Appeals is invoked we must construe the act as applying to *cases pending in the circuit courts.*" It will be noted that the statute requires the "question arising" to be certified to

this Court by the court "in which it arises", and that this case is pending in the Court of Common Pleas, and not in the circuit court.

The certification will, therefore, be dismissed as improvidently docketed.

*Dismissed as improvidently docketed.*