STATE OF WEST VIRGINIA

*v.*

I. MILLER, ALIAS PETE MILLER

(CC 853)

Submitted January 19, 1960. Decided February 9, 1960.

60

*W. W. Barron,* Attorney General, *Paul E. Parker, Jr.,* Prosecuting Attorney, *H. Clare Hess,* Assistant Prosecuting Attorney, *Giles D. H. Snyder,* Assistant Attorney General, for plaintiff.

*A. Blake Billingslea, Ross Maruka,* for defendant.

BERRY, JUDGE:

This is a certified case from the Circuit Court of Marion County, having been certified to that Court by the Criminal Court of Marion County under the provisions of Code, 58-4-2.

The defendant, I. Miller, alias Pete Miller, was indicted in the Criminal Court of Marion County for distributing obscene pictures under the provisions of Code, 61-8-11. The indictment was in two counts. The

first count charged Miller with distributing obscene pictures tending to corrupt the morals of youth and the second count charged him with distributing obscene pictures tending to corrupt the public morals, both charges being contained in the language of the statute upon which the indictment was based. The defendant filed a demurrer and amended demurrer to the indictment and moved to quash the same on the ground that the statute upon which the indictment was based violated the due process clauses of the Constitution of West Virginia, Article III, Section 10 and the Fourteenth Amendment to the Constitution of the United States. The Criminal Court of Marion County overruled the amended demurrer and motion to quash the indictment and certified the case to the Circuit Court.

The Circuit Court found that Chapter 61, Article 8, Section 11 of the Official Code of West Virginia, as amended, contravened Article III, Section 10 of the Constitution of West Virginia and the due process clause of the Fourteenth Amendment to the Constitution of the United States and is in whole and in every part unconstitutional and void, reversed the order of the Criminal Court of Marion County overruling the amended demurrer and motion to quash the indictment, sustained the amended demurrer and motion to quash the indictment and each count thereof and ordered the questions decided by the Circuit Court on its own motion to be certified to this Court.

After this Court docketed this case for hearing, the defendant filed a motion to dismiss, contending that the case was improperly docketed. It is the contention of the defendant that the order of the Circuit Court sustaining the defendant's amended demurrer and motion to quash is a final judgment and reviewable only by writ of error, under the provisions of Code, 58-5-30. The case of *State v. O'Brien,* 102 W. Va. 83, 134 S. E. 464, is cited by the defendant as authority to support his contention that this case could not be reviewed by this Court on certification.

It is true that the O'Brien case held that a judgment of the Circuit Court, after sustaining a demurrer to an indictment or to a warrant in a criminal case and quashing the warrant or indictment on the grounds of insufficiency where they are fatally defective, is a final judgment in either case and cannot be reviewed by this Court on certification, under the provisions of Code, 58-5-2, but must be reviewed by writ of error, as provided by Code, 58-5-30. However, in the *O'Brien* case the Circuit Court was acting as a trial court and was in the position of the Criminal Court of Marion County in the case at bar. The Circuit Court in the instant case was acting as an intermediate appellate court. The Criminal Court of Marion County overruled the amended demurrer and motion to quash the indictment and therefore its order was not final as was the order sustaining the demurrer in the *O'Brien* case. This case was certified to the Circuit Court under the provisions of Code, 58-4-2, which was placed in the Code in 1931 and provides for such certification. The *O'Brien* case was decided in 1926 and there was then no provision for such certification. The order of the circuit court reversing the criminal court's holding the statute as unconstitutional and certifying the questions to this Court was not a final order. It was an interlocutory order. See *State v. Houchins*, 96 W. Va. 375, 123 S. E. 185. When the *Houchins* case was decided in 1924, the statute providing for certification from an inferior court to the circuit court and from the circuit court to the Supreme Court on questions on pleading was not available, and it was held that this Court would not review such matters certified from inferior courts. See *Atkinson v. Loan Co.*, 108 W. Va. 425, 151 S. E. 173. This defect was remedied when the official Code of 1931 was adopted, and such procedure is now provided for by Code, 58-4-2.

The case of *State v. Younger*, 130 W. Va. 236, 43 S. E. 2d 52, decided in 1947, cited by the defendant to support his contention that this case was improperly certified merely holds that where a circuit court act-

ing as a trial court in a criminal case appealed from a justice of the peace court sustains a demurrer to a warrant, such order is a final order and is reviewable by a writ of error, as provided by Code, 58-5-30. This is in accord with the decision in the *O'Brien* case. No final order is reviewable by this Court on certification of questions arising from a demurrer. *Saffel v. Woodyard,* 90 W. Va. 747, 111 S. E. 768; *Blue v. Glass Co.,* 93 W. Va. 717, 117 S. E. 612; *State v. Crockett,* 94 W. Va. 423, 119 S. E. 165. The case of *State v. Holesapple,* 116 W. Va. 19, 178 S. E. 280, which was decided in 1935, is a case in which an inferior court, the intermediate court of Kanawha County, certified a case to the Circuit Court of Kanawha County and the Circuit Court of Kanawha County certified the case to this Court under the provisions of Code, 58-4-2. The certification by both the intermediate and the circuit court was considered as proper and was not questioned. It was held, however, that where pleading has been disposed of by proof the questions arising thereunder cannot be certified. It can only be done where a demurrer is filed to a pleading testing the sufficiency thereof and no proof taken. It is therefore clear that the order of the Circuit Court of Marion County reversing the order or judgment of the Criminal Court of Marion County was not a final order, and in the language of the statute, the proceedings in the case were merely stayed until disposition is made of the questions involved in the case certified. Code, 58-4-2. The defendant's motion to dismiss this certified case on the ground that it was improperly docketed is overruled.

We now come to the main question involved in this certified case, and that is, whether the statute under which the indictment was drawn violates the provisions of Article III, Section 10 of the Constitution of West Virginia and the Fourteenth Amendment to the Constitution of the United States. The statute in question, Code, 61-8-11, reads as follows:

"If any person import, print, publish, sell or dis-

tribute any book or other thing containing obscene language, or any print, picture, figure or description manifestly tending to corrupt the morals of youth, or tending to corrupt the public morals, or introduce into any family, school or place of education, or buy or have in his possession, any such thing, for the purpose of sale, exhibition or circulation, or with intent to introduce it into any family, school or place of education, he shall be guilty of a misdemeanor, and, upon conviction, shall be confined in jail not more than one year and fined not exceeding one thousand dollars."

This statute was taken from Virginia where it was first enacted in 1849, and was contained in our Codes in practically the same language in which it was first enacted until 1931, when the revisers of the Code added the words "or tending to corrupt the public morals" for the reason that the statute was not sufficiently broad to include the public morals, and also increased the maximum fine. These changes were enacted into the law by the legislature of this State in 1931 and have been a part of the Code since that time. Without the addition referred to above, this statute is practically the same as the statute contained in the Michigan Penal Code, §343, and the Code of Virginia, §18-113, relative to the corruption of the morals of youth.

The Supreme Court of the United States, in the case of *Butler v. Michigan,* 352 U. S. 380, 77 S. Ct. 524, 1 L. Ed. 2d 412, decided in 1957, held that the Michigan statute violated the due process clause of the Fourteenth Amendment to the Constitution of the United States, because it made it an offense for any person to make available for the general reading public a book that would tend to corrupt the morals of youth; that such statute would reduce the adult population of the State of Michigan to reading only what was fit for children. In other words, it was struck down because it did not provide for a proper standard. Following the *Butler* case, the Supreme Court of Appeals of Virginia, in the case of *Goldstein v. Commonwealth,* 200 Va. 25, 104 S. E. 2d 66, decided in 1958, held its statute dealing with the same question un-

constitutional for the same reason. The Virginia Court, in disposing of the *Goldstein* case held that "We are of opinion that so much of Code, § 18-113 as undertakes to provide a standard of judging obscenity dependent upon the undesirable effect the offensive material may have upon youth is unconstitutional and invalid."

By virtue of these recent cases, we are of opinion that the part of the statute in question involved in this case, relative to tending to corrupt the morals of youth, should be held unconstitutional, because it does not provide a proper standard to determine guilt and is therefore in violation of the due process clauses of the Fourteenth Amendment to the Constitution of the United States and Article III, Section 10 of the Constitution of West Virginia.

The indictment in the case at bar consists of two counts. The first count charges that the defendant did " * * * distribute portfolios containing pictures, to-wit, photographic prints of parts of the naked bodies of mature female persons and the naked external parts of the genital organs of said bodies lewdly and voluptuously posed, manifestly tending to corrupt the morals of youth, * * *." This count deals with the matter involved in the *Butler* and *Goldstein* cases, discussed hereinbefore, and the defendant's amended demurrer and motion to quash the indictment should be sustained to this count, and the ruling of the Circuit Court as to this count is affirmed. However, the second count in the indictment presents an entirely different question. This count charges that the defendant did " * * * distribute portfolios containing pictures, to-wit, photographic prints of parts of the naked bodies of mature female persons and the naked external parts of the genital organs of said bodies lewdly and voluptuously posed tending to corrupt the public morals, * * *." This is an offense indictable at common law. 67 C.J.S., Obscenity, §7; 33 Am. Jur., Lewdness, Indecency and Obscenity, §4.

Public morals were cherished fully at common law and any act tending to impair them was punishable as a crime. See 1 Bishop's New Criminal Law, General & Elementary, 8th Ed., Ch. XXXVI, Public Morals, §500, page 305.

The defendant, in the instant case, was indicted in the second count for distributing obscene pictures tending to corrupt the public morals. The indictment charges that the pictures alleged to have been distributed were of naked female persons lewdly and voluptuously posed. The distribution of obscene pictures is not within the protection of the due process clauses of the Federal and State Constitutions. *Roth v. United State,* 354 U. S. 476, 77 S. Ct. 1304, 1 L.Ed. 2d 1498. Rehearing denied, 78 S. Ct. 8, two cases 355 U. S. 852, 2 L.Ed. 2d 60. Obscene material is material which deals with sex in a manner which tends to appeal to prurient interest. *Roth v. United States, supra.* It would therefore be a question for the jury, after viewing the pictures in question, and the manner in which they were posed to ascertain whether they were obscene, and the standard to be used by the jury, under proper instruction of the court, in order to comply with the constitutional requirements, is whether the average person, applying contemporary community standards to the pictures in question, taken as a whole, feels that they appeal to prurient interest. *Roth v. United States, supra.* In other words, whether or not something is obscene depends upon the time and place of the alleged offense and what the average citizen thinks with regard to same. The wording of the statute in question provides a proper standard with regard to tending to corrupt the public morals and is sufficient in a case of this nature. *State v. Hamilton,* 133 W. Va. 394, 56 S. E. 2d 544. It is not what the highly sensitive or the callous, the educated or the uneducated may consider as obscene, but what the average person in any community would consider as obscene. *Rosen v. United States,* 161 U. S. 29, 16 S. Ct. 434, 40 L. Ed. 606.

It is contended by the defendant that the statute in question is invalid, because it does not contain the element of scienter, and cites the case of *Smith v. California*, 361 U. S. 147, 80 S. Ct. 215, 4 L. Ed. 2d 205, decided December, 1959, as authority for this proposition. The *Smith* case is a different type of case from the one involved here. In that case, the defendant, the proprietor of a book store, was convicted in a California Court for a violation of a city ordinance which made it unlawful for any person to have *in his possession* any indecent or obscene books where books are kept for sale. The ordinance was construed as imposing an ''absolute'' criminal liability without requiring any knowledge by the defendant of the content of the books in his possession. The ordinance was held to be in conflict with the Federal Constitution because the defendant might be convicted not knowing that obscene matter was contained in the books in his possession or be required to read every book he had in his store. Scienter, or knowledge of the contents of the book, may be a requirement of the statute in such cases, but in the case at bar we have an entirely different situation, because the statute upon which the indictment is based and the second count of said indictment which we are considering here deal with the distribution of certain pictures of naked, female persons, posed lewdly and voluptuously. Certainly any one who distributes such pictures would know what he is distributing and the element of scienter is not necessary in such a case. It is the commission of the act of distributing such pictures that is made unlawful by the statute, and criminal intent will be presumed, that is, that the accused had knowledge of what was portrayed on the pictures which were distributed by him, and if for some reason it can be conceived that he did not know that he was distributing such pictures, the defendant may, by proper evidence, excuse or justify the unlawful act charged. *State v. Boggs,* 103 W. Va. 641, 138 S. E. 321; 14 Am. Jur., Criminal Law, §§ 23, 24.

We are of the opinion that the part of the statute

contained in the second count of the indictment charging the defendant with distributing pictures of naked, female persons, lewdly and voluptuously posed, tending to corrupt the public morals, does not violate the due process clauses of the Federal and State Constitutions and that the amended demurrer to and motion to quash the second count of the indictment should be overruled. For this reason, the ruling of the Circuit Court, as to this count, is reversed.

It is the contention of the defendant that if the statute in question in this state is unconstitutional in part, then the entire statute is unconstitutional. With this contention, we do not agree. The rule is that a statute may be valid in one part and invalid in another, and if the parts can be separated, the invalid part may be ignored. 17 Michie's Jurisprudence, Statutes, §28; *Loeb v. Columbia Township Trustees,* 179 U. S. 472, 21 S. Ct. 174, 181, 45 L. Ed. 280. Statutes are presumed to be constitutional and can never be declared to be unconstitutional except when they are clearly and plainly so. 17 Michie's Jurisprudence, Statutes, §29. The part of the statute with which we are dealing in this case, and which we have held as not contravening the constitutional provisions relative to the due process clauses can readily be severed or separated from the part of the statute which we have held to be invalid under the constitutional provisions. This is readily seen when the revisers added disjunctively the part with which we are dealing here, with the statement that the statute was not broad enough in its present form, and the legislature approved and adopted the statute with these suggestions, and for the reason given. In the case of *Loeb v. Columbia Township Trustees, supra,* at page 490, the rule is stated in the following language: ''The point is not whether the parts are contained in the same section, for, the distribution into sections is purely artificial; but whether they are essentially and inseparably connected in substance — whether the provisions are so interdependent that one cannot operate without the other.'' Further, in connec-

tion with this matter, this Court held in the case of *State v. Heston*, 137 W. Va. 375, 403, 404, 71 S. E. 2d 481, that "A statute may contain constitutional and unconstitutional provisions which may be perfectly distinct and separable so that some may stand and the others will fall; and if, when the unconstitutional portion is rejected, the remaining portion reflects the legislative will, is complete in itself, is capable of being executed independently of the rejected portion, and in all other respects is valid, such remaining portion will be upheld and sustained. *Meisel v. Tri-State Airport Authority*, 135 W. Va. 528, 64 S. E. 2d 32; *Lingamfelter v. Brown*, 132 W. Va. 566, 52 S. E. 2d 687; *The County Court of Raleigh County v. Painter*, 123 W. Va. 415, 15 S. E. 2d 396; *Prichard v. De Van*, 114 W. Va. 509, 172 S. E. 711; *Fairmont Wall Plaster Company v. Nuzum*, 85 W. Va. 667, 102 S. E. 494; *State ex rel. Dillon v. County Court of Braxton County*, 60 W. Va. 339, 55 S. E. 382; *People ex rel. Stuckart v. Knopf*, 183 Ill. 410, 56 N. E. 155; *Loeb v. Trustees of Columbia Township*, 179 U. S. 472, 21 S. Ct. 174, 45 L. Ed. 280.; *Berea College v. Commonwealth of Kentucky*, 211 U. S. 45, 29 S. Ct. 33, 53 L. Ed. 81; 11 Am. Jur., Constitutional Law, Section 152; Cooley, Constitutional Limitations, Eighth Edition, Vol. I, p. 361.".

For the foregoing reasons, we affirm the action of the Circuit Court of Marion County insofar as it reversed the Criminal Court of said County in sustaining the amended demurrer and motion to quash the first count of the indictment, but reverse the action of the Circuit Court of Marion County insofar as it reversed the Criminal Court of that County in sustaining the amended demurrer and motion to quash the second count of the indictment; and remand the case to the Circuit Court for further proceedings as provided by Code, 58-4-2, and in conformity to the principles enunciated in this opinion.

*Rulings affirmed in part; reversed in part and remanded with directions.*