Per Curiam.

Defendant’s brief contains six assignments of error. However, in view of our disposition of this case, we need to consider only assignment of error No. 1 (a), to wit, that the trial court committed prejudicial error by its failure to sustain the demurrer attacking the constitutionality of the ordinance in question on the ground that the ordinance is fatally defective due to its omission of the element of scienter or knowledge in defining the offense.
On December 14, 1959, the Supreme Court of the United States decided the case of Smith v. California, 361 U. S., 147, 4 L. Ed (2d), 205, 80 S. Ct., 215. That case is both applicable and decisive in disposing of the constitutional issue raised in this case.
In the Smith case, a Los Angeles bookseller was convicted of violating a city ordinance which on its face made him absolutely liable criminally for the mere possession in his store of a book later judicially determined to be obscene, although he had no knowledge of the contents of the book. The Supreme Court held that the Los Angeles ordinance violated the freedom-of-the-press provision of the First Amendment of the U. S. Con *283 stitution, a provision which the due process clause of the Fourteenth Amendment makes applicable to state action.
So far as the Cincinnati ordinance (Section 901-Í3) makes criminal liability absolute on mere proof of possession of obscene matter, without regard to scienter or knowledge, the Los Angeles and the Cincinnati ordinances are indistinguishable.
The city in this case has made no attempt to make defendant’s knowledge of the contents of the magazines here in evidence a part of its case. In fact, after defendant’s counsel, on examination of defendant, asked whether he, defendant, had seen the magazines which formed the basis of the charge against him, the city’s counsel interposed an objection to the question on the ground that any answer to such question would be irrelevant to the issues in this case.
In addition, the trial judge indicated his belief that the ordinance in question imposed absolute liability on defendant upon mere proof of possession, by virtue of his instructions to the jury to the effect that defendant’s intentions were immaterial in determining his'guilt.
The reasons for the constitutional essential of scienter or knowledge in an offense which relates to speech or press were set forth, as follows, by Justice Brennan, speaking for the Supreme Court, in the Smith case (at page 152):
“* * * But our holding in Both [Roth v. United States, 354 U. S., 476, 1 L. Ed. (2d), 1498, 77 S. Ct., 1304] does not recognize any state power to restrict the dissemination of books which are not obscene; and we think this ordinance’s strict liability feature would tend seriously to have that effect, by penalizing booksellers, even though they had not the slightest notice of the character of the books they sold. The appellee and the court below analogize this strict liability penal ordinance to familiar forms of penal statutes which dispense with any element of knowledge on the part of the person charged, food and drug legislation being a principal example. * * * The usual rationale for such statutes is that the public interest in the purity of its food is so great as to warrant the imposition of the highest standard of care on distributors — in fact an absolute standard which will not hear the distributor’s plea as to the amount of *284 care lie has used. * * * His ignorance of the character of the food is irrelevant. There is no specific constitutional inhibition against making the distributors of food the strictest censors of their merchandise, but the constitutional guarantees of the freedom of speech and of the press stand in the way of imposing a similar requirement on the bookseller. By dispensing with any requirement of knowledge of the contents of the book on the part of the seller, the ordinance tends to impose a severe limitation on the public’s access to constitutionally protected matter. For if the bookseller is criminally liable without knowledge of the contents, and the ordinance fulfills its purpose, he will tend to restrict the books he sells to those he has inspected; and thus the state will have imposed a restriction upon the distribution of constitutionally protected as well as obscene literature. * * * And the bookseller’s burden would become the public’s burden, for by restricting him the public’s access to reading matter would be restricted. If the contents of bookshops and periodical stands were restricted to material of which their proprietors had made an inspection, they might be depleted indeed.”
Although the Supreme Court in the Both case recognized the states’ power to prevent the distribution of obscene matter (Albert v. California, 354 U. S., 476, 1 L. Ed. [2d], 498, 77 S. Ct., 1304), the practical exercise of that power in a form which will not conflict with constitutional safeguards has yet to be announced by that court with any degree of specificity. It is clear at this point, however, that the mental element may not be eliminated from the crime of possession or dissemination of obscene matter.
Patently, Section 901-Í3 of the Ordinances of the City of Cincinnati attempts to impose an absolute criminal liability without reference to any knowledge on the part of the accused. This it cannot do. Such ordinance is invalid because it is in conflict with the First and Fourteenth Amendments of the United States Constitution. The Smith case is clearly controlling here and must be followed. State v. Gump (Wash., 1960), 356 P. (2d), 289; People v. Engel (1960), 7 N. Y. (2d), 1002, 166 N. E. (2d), 845. Cf. State v. Jackson (Ore., 1960), *285 356 P. (2d), 495; State v. Chobot (1960), 12 Wis. (2d), 110, 106 N. W. (2d), 286; Cohen v. State (Fla., 1960), 125 So. (2d), 560; State v. Miller (W. Va., 1960), 112 S. E. (2d), 472. See, also, the annotation in 4 L. Ed. (2d), 1821.
The judgment of the Court of Appeals is reversed.

Judgment reversed.

Zimmerman, Taet, Matthias, Bell, Radcliff and O’Neill, JJ., concur.
Radcliff, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.