COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


STAR NEWS, INC.
                                    MEMORANDUM OPINION[*] BY
v.  Record No. 1785-96-1            JUDGE RICHARD S. BRAY
                                        JANUARY 6, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                       John M. Folkes, Judge

        H. Louis Sirkin (Damian T. Horne; Sirkin,
        Pinales, Mezibov & Schwartz; Horne, West &
        McMurtrie, on brief), for appellant.

        Eugene Murphy, Assistant Attorney General
        (Richard Cullen, Attorney General, on brief),
        for appellee.



     Star News, Inc. (Star) was convicted for distributing

obscene material and four additional counts of like distribution

as second or subsequent offenses, each violations of Code

§ 18.2-374, punishable in accordance with Code §§ 18.2-380 and

18.2-381, respectively.  On appeal, Star argues that (1) it was

erroneously convicted of second and subsequent offenses, and (2)

that Code § 18.2-374 contravenes Article I, Section 12 of the

Constitution of Virginia.  Finding no error, we affirm the

convictions.

                            I.

--------

    [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Star is a Virginia corporation engaged in the sale of books, magazines and other publications and the sale and rental of videotapes, much of which is adult-oriented. A grand jury indicted Star for distributing obscene material through the sale of a videotape on January 24, 1996, a misdemeanor pursuant to Code § 18.2-380. The same grand jury also indicted Star for five later instances of similar conduct, but as second or subsequent offenses, each a felony under Code § 18.2-381.

Star moved the trial court to dismiss all indictments, denouncing the operative statutes as violative of both the federal and state constitutions, and arguing also that the felony indictments impermissibly charged distribution as second or subsequent offenses although Star had not previously been convicted of such crime. The trial judge denied the motion, and Star pled guilty to five of the six indictments in accordance with a plea agreement which preserved Star's right to appeal "all issues decided adversely to it."

II.

Code § 18.2-381 provides that:
> Any person, firm, association or corporation convicted of a second or other subsequent offense under §§ 18.2-374 through 18.2-379 shall be guilty of a Class 6 felony. However, if the person, firm, association or corporation convicted of such subsequent offense is the owner of the business establishment where each of the offenses occurred, a fine of not more than $10,000 shall be imposed in addition to the penalties otherwise prescribed in this section.

2

Star first contends that Code § 18.2-381 applies only when the accused has been <u>convicted</u> of a prior obscenity offense because the penal statute must be strictly construed, with any ambiguity resolved in Star's favor.

Contrary to Star's argument, however, an "enhanced punishment may be applied where there are multiple convictions for separate offenses in a simultaneous prosecution." Mason v. Commonwealth, 16 Va. App. 260, 262-63, 430 S.E.2d 543, 544 (1993); see also Ansell v. Commonwealth, 219 Va. 759, 763, 250 S.E.2d 760, 763 (1979). The accused in Mason was convicted of two distinct drug offenses in a single trial and received an enhanced punishment for one offense as a "second or subsequent offense" pursuant to Code § 18.2-248(C). In affirming, we determined that imposition of the enhanced penalty for the offense did not require proof of a previous conviction for a like crime. Mason, 16 Va. App. at 262-63, 430 S.E.2d at 544. Thus, once Star was convicted for a violation of Code § 18.2-374, the subsequent sales were properly subject to the enhanced punishments prescribed by Code § 18.2-381.

"Concededly, because the statute is penal in nature, it must be strictly construed, and any ambiguity or reasonable doubt as to its meaning must be resolved in [Star's] favor. 'This does not mean, however, that [Star] is entitled to a favorable result based upon an unreasonably restrictive interpretation of the statute.'" Mason, 16 Va. App. at 262, 430 S.E.2d at 543. While

3

statutes may specifically require prior conviction as a predicate to enhanced punishment, <u>see e.g.</u>, Code §§ 18.2-57.2; 18.2-67.5:2; 18.2-67.5:3; 18.2-104, the legislature did not include such provision in Code § 18.2-381.

III.

Star next argues that, although the Virginia obscenity statutes do not violate the United States Constitution, Article I, Section 12 of the Constitution of Virginia is more expansive than the First Amendment, "providing that -- 'any citizen may freely speak, write and publish his sentiments on all subjects.'" Robert v. Norfolk, 188 Va. 413, 420, 49 S.E.2d 697, 700 (1948). Therefore, it reasons that, although obscenity is not speech protected by the First Amendment, Miller v. California, 413 U.S. 15 (1973), a different result would pertain under the Virginia Constitution.

Again, Star's contention is without merit. In Goldstein v. Commonwealth, 200 Va. 25, 104 S.E.2d 66 (1958), the accused maintained that Code § 18-113, the predecessor to the instant statutes, "violate[d] the provisions of the First and Fourteenth Amendments to the Constitution of the United States and the Due Process Clause of the Constitution of Virginia with respect to freedom of the press and speech." Id. at 27, 104 S.E.2d at 67. The Court recognized that the crime of publishing and distributing obscene materials must be defined with appropriate definiteness to satisfy due process, but clearly held that obscenity is unprotected by the Constitution of Virginia. Id.; see also Bennefield v. Commonwealth, 21 Va. App. 729, 739-40, 467 S.E.2d 306, 311 (1996).

Accordingly, we affirm the convictions.

5

Affirmed.

Benton, J., concurring and dissenting.

I concur in Parts I and III of the opinion.  For the reasons I have previously stated in <u>Mason v. Commonwealth</u>, 16 Va. App. 260, 263-65, 430 S.E.2d 543, 544-46 (1993) (Benton, J., dissenting), I dissent from Part II.  Therefore, I would reverse the felony convictions and dismiss the indictments.